UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN R. OWENS,

        Petitioner,        Case Number: 2:11-CV-11482

v.        HONORABLE MARIANNE O. BATTANI

CATHERINE BAUMAN,

        Respondent.
_____/

**OPINION AND ORDER GRANTING PETITIONER'S MOTION
TO AMEND PETITION TO ADD AN ADDITIONAL ISSUE, GRANTING
PETITIONER'S MOTION TO STAY PROCEEDINGS, DENYING
ADDITIONAL MOTIONS, AND ADMINISTRATIVELY CLOSING CASE**

This is a habeas case under 28 U.S.C. § 2254. Petitioner Calvin R. Owens is a state inmate at the Alger Maximum Correctional Facility in Munising, Michigan. He challenges his convictions for two counts of assault with intent to rob while armed, six counts of armed robbery, and three counts of felony firearm. At the time he filed the petition, Petitioner also filed a Motion to Stay Proceedings and Hold Habeas Petition in Abeyance so that he may exhaust several claims in state court. Also before the Court are Petitioner's Motion to Amend Petition to Add An Additional Issue, Motion for Appointment of Counsel, Motion for Evidentiary Hearing, and Motion for Determination.

**I.**

On January 12, 2007, Petitioner pleaded guilty in Wayne County Circuit Court to the above-listed offenses in three related case numbers. He was sentenced to twelve to


twenty years in prison for each of the assault and robbery convictions, to be served concurrently. He was also sentenced to two years in prison for each of the felony-firearm convictions.

Petitioner filed an appeal of right in the Michigan Court of Appeals, raising these claims:

> I. Defendant's conviction violates his state and federal constitutional right because it was coerced and was thus involuntary.
>
> II. Defendant is entitled to resentencing because the sentencing range was enhanced by the scoring of offense variable 4 and 13 on the basis of facts not proven to a jury beyond a reasonable doubt, in violation of the Sixth and Fourteenth Amendments.

The Michigan Court of Appeals affirmed Petitioner's convictions. *See* Petition at ii. Petitioner's application for leave to appeal was rejected for filing by the Michigan Supreme Court because it was not timely filed. *See id.*

Petitioner then filed a motion for relief from judgment in the trial court, raising nine claims for relief. The trial court denied the motion. *See* Petition at vi. Petitioner's application for leave to appeal in the Michigan Court of Appeals was denied. *See id.* Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. That application is currently pending. *See id.*

On April 4, 2011, Petitioner filed the pending petition for a writ of habeas corpus. He raises the same claims raised on direct and collateral review in state court. Petitioner also has filed these motions: Motion to Amend to Add an Additional Issue, Motion for Appointment of Counsel, Motion for Evidentiary Hearing, and Motion for Determination.

## II.

### A.

First, Petitioner has filed a Motion to Amend Petition to Add an Additional Issue. Federal Rule of Civil Procedure 15 permits a party to amend a pleading once as a matter of course at any time before a responsive pleading is served. A responsive pleading has not yet been filed and the petition has not previously been amended. Therefore, the Court permits Petitioner to amend his habeas corpus petition.

### B.

State prisoners must exhaust available state remedies for each of the claims presented in a habeas petition before seeking a federal writ of habeas corpus. 28 U.S.C. § 2254(b)(1). Petitioner states that he has not exhausted all of the claims raised in his habeas corpus petition. Those unexhausted claims are currently raised in an application for leave to appeal pending in the Michigan Supreme Court. He has filed a habeas corpus petition so as not to jeopardize the timeliness of a habeas petition should the state court deny his claims of constitutional violations. Petitioner asks the Court to stay the petition while he is in the process of exhausting his state court remedies.

A prisoner who has not yet exhausted state court remedies may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005), *citing Rhines v. Weber*, 544 U.S. 269 (2005). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court

post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines*, 544 U.S. at 278.

Petitioner states that his unexhausted claims were not presented in state court because his appellate attorney was ineffective. An appellate attorney cannot be expected to raise his own ineffective assistance on appeal. *Combs v. Coyle*, 205 F.3d 269, 276 (6th Cir. 2000). Thus, the Court finds that Petitioner has asserted good cause for failing previously to exhaust these claims. In addition, the Court finds that these claims are not "plainly meritless" and that Petitioner has not engaged in intentionally dilatory tactics. *See Rhines*, 544 U.S. at 277-78. Therefore, the Court stays further proceedings in this matter pending Petitioner's exhaustion of the unexhausted claims.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Id.* at 278. To ensure that Petitioner does not delay in exhausting state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). Petitioner must ask this Court to lift the stay within sixty days of exhausting state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Id.* at 781 (internal quotation omitted).

### III.

Accordingly, it is **ORDERED** that Petitioner's Motion to Amend Petition to Add

An Additional Issue [dkt. #8] is **GRANTED**.

It is further **ORDERED** that the Motion to Stay Proceedings and Hold Petition in Abeyance [dkt. #5] is **GRANTED.** The habeas petition is **STAYED** and further proceedings in this matter are held in **ABEYANCE**. Petitioner shall file a motion to lift the stay and an amended petition in this Court within **sixty days** after the conclusion of the state court proceedings.

It is further **ORDERED** that Petitioner's Motion for Appointment of Counsel [dkt. #4] and Motion for Evidentiary Hearing [dkt. #6] are **DENIED WITHOUT PREJUDICE** and Petitioner's Motion for Determination is **DENIED AS MOOT**.

It is further **ORDERED** that, to avoid administrative difficulties, the Clerk of Court close this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal of this matter. Upon receipt of a motion to lift the stay following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

<div style="text-align: right;">
s/Marianne O. Battani  
MARIANNE O. BATTANI  
UNITED STATES DISTRICT JUDGE
</div>

Dated: <u>July 27, 2011</u>

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Petitioner, via ordinary U.S. Mail and Counsel for the Respondent, electronically.

s/Bernadette M. Thebolt