## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

CALVIN R. OWENS,

               Petitioner,                     Case Number: 2:11-CV-11482

v.                                     HONORABLE MARIANNE O. BATTANI

CATHERINE BAUMAN,

               Respondent.

_____/

## OPINION AND ORDER GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT AND DENYING CERTIFICATE OF APPEALABILITY

This is a habeas case under 28 U.S.C. § 2254. Petitioner Calvin R. Owens is a state inmate currently incarcerated at the Alger Correctional Facility in Munising, Michigan. In his petition, he challenges his convictions for two counts of assault with intent to rob while armed, six counts of armed robbery, and three counts of felony firearm. Respondent has filed a motion for summary judgment, arguing that the petition was not timely filed. The Court grants the motion, dismisses the petition and denies a certificate of appealability.

### I.

On January 12, 2007, Petitioner pleaded guilty in Wayne County Circuit Court to the above-listed offenses in three related case numbers. He was sentenced to twelve to twenty years in prison for each of the assault and robbery convictions, to be served concurrently. He was also sentenced to two years in prison for each of the felony-firearm

convictions.

Petitioner filed an appeal in the Michigan Court of Appeals, raising these claims:

I.    Defendant's conviction violates his state and federal constitutional right because it was coerced and was thus involuntary.

II.   Defendant is entitled to resentencing because the sentencing range was enhanced by the scoring of offense variable 4 and 13 on the basis of facts not proven to a jury beyond a reasonable doubt, in violation of the Sixth and Fourteenth Amendments.

The Michigan Court of Appeals affirmed Petitioner's convictions. *People v. Owens*, No. 283390 (Mich. Ct. App. Aug. 20, 2008). Petitioner's application for leave to appeal was rejected for filing by the Michigan Supreme Court because it was not timely filed. *See* Affidavit of Corbin R. Davis, Clerk, Michigan Supreme Court, July 8, 2011.

On January 5, 2010, Petitioner filed a motion for relief from judgment in the trial court, raising nine claims for relief. The trial court denied the motion. Petitioner's delayed application for leave to appeal in the Michigan Court of Appeals was denied. *People v. Owens*, No. 297783 (Mich. Ct. App. Jan. 7, 2011). Petitioner then filed an application for leave to appeal in the Michigan Supreme Court. That application was denied on October 24, 2011. *People v. Owens*, 490 Mich. 891 (Mich. Oct. 24, 2011).

While his application for leave to appeal was pending in the Michigan Supreme Court, Petitioner filed the pending habeas petition on April 4, 2011. He simultaneously filed a motion to stay the proceedings while his application for leave to appeal remained pending in the Michigan Supreme Court. The Court granted the stay. The case was reopened and Respondent ordered to file a responsive pleading after the Michigan

Supreme Court denied Petitioner's application for leave to appeal.

## II.

Respondent argues that the petition is barred by the one-year statute of limitations. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(A) & (D). The one-year limitation period begins at the deadline for filing a petition for a writ of certiorari to the United States Supreme Court. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000). In addition, the time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitation period. 28 U.S.C. § 2244(d)(2). A properly filed application for state post-conviction relief, while tolling the limitation, does not re-fresh the limitation period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

The Michigan Court of Appeals affirmed Petitioner's convictions on August 20, 2008. Petitioner's application for leave to appeal in the Michigan Supreme Court was rejected for filing because it was untimely. His convictions became final on October 15, 2008, when the time period for filing a delayed application for leave to appeal in the Michigan Supreme Court expired pursuant to Michigan Court Rule 7. *Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012). The limitations period for filing a habeas corpus petition commenced the next day, October 16, 2008. The limitations period continued to

3

run until it expired one year later, October 16, 2009.  Petitioner's motion for relief from judgment, filed in the trial court on January 5, 2010, did not toll the limitations period because the limitations period already elapsed, nor did it serve to restart the limitations period.  *Vroman*, 346 F.3d at 602 (6th Cir. 2003) (holding that the filing of a motion for collateral review in state court serves to "pause" the clock, not restart it).

Petitioner argues that the limitations period did not begin to run until ninety days after the Michigan Supreme Court rejected his application for leave to appeal as untimely. However, when, as in this case, Petitioner only appeals his judgment of conviction to the Michigan Court of Appeals and fails to properly file an application for leave to appeal to the Michigan Supreme Court, the additional ninety days for filing an appeal to the United States Supreme Court is not taken into account.  *Gonzalez v. Thaler*, — U.S. —, —, 132 S. Ct. 641, 653–54 (2012) (clarifying that when a petitioner does "not appeal to the State's highest court, his judgment [becomes] final when his time for seeking review with the State's highest court expire[s]").  Here, Petitioner had fifty-six days to file an appeal in the Michigan Supreme Court.  Mich. Ct. R. 7.302(C).  The expiration of the fifty-six days represents the expiration of the time for seeking direct review of Petitioner's judgment of conviction and, therefore, the one-year statute of limitations begins to run at that time.  *Gonzalez*, 132 S. Ct. at 653–54.

Petitioner also argues that his petition should be considered timely because his application for leave to appeal to the Michigan Supreme Court was given to prison authorities on October 9, 2008, but did not leave the facility until the following day and

4

did not arrive at the Michigan Supreme Court until October 16, 2008, one day late.

Equitable tolling is available to toll a statute of limitations when "'a litigant's failure to

meet a legally-mandated deadline unavoidably arose from circumstances beyond that

litigant's control.'" *Robertson v. Simpson*, 624 F.3d 781, 784 (6th Cir. 2010), *quoting*

*Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th

Cir. 2000). The one-year limitations period applicable to § 2254 is "subject to equitable

tolling in appropriate cases." *See Holland v. Florida*, __ U.S. __, __, 130 S. Ct. 2549,

2560 (2010). To be entitled to equitable tolling, a petitioner must show "'(1) that he has

been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in

his way' and prevented timely filing." *Lawrence v. Florida*, 594 U.S. 327, 336 (2007),

*quoting Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). A claim of actual innocence

may also justify equitable tolling in certain circumstances. *Souter v. Jones*, 395 F.3d 577,

588 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to

equitable tolling. *Robertson*, 624 F.3d at 784.

     The record shows that Petitioner was not diligent in pursuing his rights.

Approximately fifteen months elapsed between the time the Michigan Supreme Court

rejected Petitioner's application for leave to appeal as untimely and the filing of

Petitioner's motion for relief from judgment. This time gap does not evidence the

diligence required for equitable tolling. Therefore, the Court finds the petition is

untimely.

**III.**

5

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253.  Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11, Rules Governing Section 2255 Proceedings.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997).  To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely.  Therefore, the Court denies a certificate of appealability.

**IV.**

6

Petitioner failed to file his habeas petition within the applicable one-year limitations period and equitable tolling of the limitations period is not warranted.

Accordingly, **IT IS ORDERED** that Respondent's Motion for Summary Judgment is **GRANTED** and the matter is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


                                        s/Marianne O. Battani
                                        MARIANNE O. BATTANI
                                        UNITED STATES DISTRICT JUDGE
DATED: February 28, 2013

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon the Petitioner via ordinary U.S. Mail and Counsel for the Respondent, electronically.

                                        s/Bernadette M. Thebolt
                                        Case Manager

7